## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**KEVIN G. HUNT,**

      **Plaintiff,**

**v.**                                            **Case No: 5:12-cv-370-Oc-PRL**

**USA and A. KENDRICKS**

      **Defendants.**

_____

# ORDER

Following the Court's entry of summary judgment in favor of the Defendants, Plaintiff, Kevin G. Hunt, who was previously represented by counsel but who is now proceeding *pro se*, filed a motion for reconsideration of the Court's Order granting summary judgment (Doc. 110); and a motion for relief from judgment.   (Doc. 112).   Plaintiff states that the Court may consider his motion for reconsideration (Doc. 110) as a motion under Federal Rule of Civil Procedure 59(e), or alternatively, as a motion under Federal Rule of Civil Procedure 60(b).   Both of Plaintiff's motions are premised on his contention that his attorney, Gray Proctor, failed to fully and fairly litigate his claims, and thus, the Court should revisit its ruling on summary judgment.

Although the Federal Rules of Civil Procedure do not specifically provide for the filing of a motion for reconsideration, such a motion is encompassed in Rule 59(e), which governs motions to alter or amend a judgment.   *Controlled Semiconductor, Inc. v. Control Systemation, Inc.*, No. 6:07-cv-1742-Orl-31KRS, 2008 WL 4459085 (M.D. Fla. Oct. 1, 2008), at *1.   A motion to reconsider must demonstrate why the court should reconsider its decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."   *Cover v.*

*Wal-Mart Stores*, Inc., 148 F.R.D. 294 (M.D. Fla. 1993).   This Court has recognized three grounds justifying reconsideration of an order: (1) an intervening change in the law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.   *Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla.,* 189 F.R.D. 480, 489 (M.D. Fla. 1999).   Parties cannot use a Rule 59(e) motion "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."   *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).   After summary judgment has been granted, the court has even more reason for denying a Rule 59(e) motion since "the concerns of finality in litigation become more compelling, and the litigant has had the benefit of a day in court, in some fashion on the merits of his claim."   *Controlled Semiconductor, Inc.*, 2008 WL 4459085 at 2 (*quoting Union Planters Nat. Leasing, Inc. v. Woods,* 687 F.2d 117, 121 (5th Cir. 1982)).

Here, Plaintiff argues that the court should reconsider its decision in light of evidence and arguments that he contends would have led to a different outcome.   To that end, Plaintiff attaches a response to the motion for summary judgment that he purportedly wrote and provided to his attorney, as well as various emails and inmate request to staff forms, all of which were available at the time that the motions for summary judgment, and responses thereto, were filed.   Indeed, Plaintiff states that he "prepared and submitted my response to the motions for summary judgment in a timely manner, well in advance of the Court's decision" but that Mr. Proctor failed to submit it.   Doc. 112 at 1-2.   If Plaintiff wanted to present different arguments, he had the ability to discharge Mr. Proctor and file the responses that he wanted to file.[1]   Instead, he waited until after the Court dismissed his claims to discharge Mr. Proctor and attempt to raise arguments and present

---

[1] Plaintiff does not contend that he was unaware of the responses or motion for summary judgment filed by Mr. Proctor.

evidence that could have been presented prior to the entry of summary judgment.   This is nothing more than an improper attempt by Plaintiff to take a second bite of the apple.   Accordingly, Plaintiff is not entitled to relief under Rule 59(e).

Likewise, Plaintiff is not entitled to relief under Federal Rule of Civil Procedure 60(b), which permits a Court to relieve a party from judgment in a limited number of circumstances including: (1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or (5) the judgment has been satisfied.   The Rule also provides a catchall provision authorizing relief from judgment based on "any other reason that justifies relief."   Fed.R.Civ.P. 60(b)(6).   The Eleventh Circuit has cautioned that this "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances."   *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993).

Although Plaintiff appears to be proceeding under the catchall provision of Rule 60(b), he has failed to make the requisite showing to justify this "extraordinary relief."   As discussed *supra*, Plaintiff could have raised the exact arguments and presented the very evidence upon which he now seeks to rely prior to the Court's ruling on summary judgment.   Mr. Proctor did not deprive Plaintiff of an opportunity to present the merits of his case, rather, Plaintiff had the opportunity but failed to use it.   Moreover, even if Mr. Proctor did not raise the most effective arguments in his responses, "Rule 60(b) was not designed to operate as an insurance mechanism for clients." *Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1084 (5th Cir. 1984).   Its purpose is not to give relief to a party who is simply dissatisfied with his or her counsel.   *See id.*

Accordingly, Plaintiff's motion for reconsideration of the Court's Order granting summary judgment (Doc. 110) and Plaintiff's motion for relief from judgment (Doc. 112) are **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on January 13, 2015.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties